UNITED STATES

v.

**Rafael SENIOR, Seaman Apprentice, U.S. Coast Guard.**

CGCMS 24052.
No. 1004.

U.S. Coast Guard Court of Military Review.

March 15, 1993.

Military Judge: CAPT Douglas A. Smith, USCG.

Trial Counsel: LT Kent L. Booher, USCGR.

Detailed Defense Counsel: LT Scott R. Sparks, JAGC, USNR.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before PANEL THREE, BAUM, BRIDGMAN and GRACE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant has assigned two errors summarily. Otherwise, without admitting that the findings and sentence are correct in fact and law, Appellant submitted the case on its merits, praying for disapproval. The errors assigned are: that this Court lacks authority to affirm the findings and sentence because its "civilian" judges were appointed in violation of the Appointments Clause of the Constitution and that the presence of collateral duty judges upon this Court denies Appellant due process of law. These assignments have been decided contrary to the Appellant's position in *U.S. v. Weiss*, 36 M.J. 224 (C.M.A.1992), *U.S. v. Kovac*, 36 M.J. 521 (C.G.C.M.R.1992), *U.S. v. Boob*, (C.G.C.M.R. Dkt. No. 1000 January 5, 1993), *U.S. v. Perry–Edwards*, (C.G.C.M.R. Dkt. No. 1002 January 13, 1993) and *U.S. v. Schnatz*, (C.G.C.M.R. Dkt. No. 1003 January 22, 1993). Those decisions are dispositive.

I.

*Secretarial Appointment of Judges*

■ Nevertheless, the Government, in its response to the summary assignments, offered another basis for rejection of Appellant's first assignment. Citing a memo-

randum of 15 January 1993 from the Secretary of Transportation to the Chief Judge, U.S. Coast Guard Court of Military Review, which the Court provided appellate counsel by Order of 26 January 1993 in two other cases, (*U.S. v. Webster*, Dkt. No. 996, and *U.S. v. Trujillo*, Dkt. No. 991), the Government asserts that the requisite criteria of the Appointments Clause of the Constitution have been satisfied. That memorandum reflects a personal appointment of the Court's judges by the Secretary of Transportation.

In a reply brief authorized by the Court, Appellant argues that the Secretary of Transportation's memorandum of 15 January 1993 is ineffectual because Article 66, Uniform Code of Military Justice (UCMJ) 10 U.S.C. § 866 does not expressly provide for such appointments by the Secretary of Transportation. In arriving at this conclusion Appellant acknowledges that Congress, in 49 U.S.C. § 323(a), has authorized the Secretary of Transportation to appoint officers and employees of the Department and to prescribe their duties and powers, but says that this provision, which is general in nature, does not cover appointment of the judges on this Court because another official, the Judge Advocate General, is specifically empowered to do so by Congress in Article 66, UCMJ.

Were we to accept this proposition asserted by Appellant, a step we are not prepared to take, we would first have to find that Article 66 expressly grants the Judge Advocate General authority to appoint appellate military judges. To the contrary, as seen by Judge Grace in *U.S. v. Prive*, 35 M.J. 569, 571 (C.G.C.M.R.1992), Article 66, UCMJ, *does not* specifically empower the Judge Advocate General—or anyone else for that matter—to appoint, assign, or designate Court of Military Review judges.

That Article says each "Judge Advocate General shall establish a Court of Military Review," and that the "Judge Advocate General shall designate as chief judge one of the appellate military judges of the Court of Military Review established by him," but it does not expressly state that

the Judge Advocate General shall appoint the judges. Judge Grace noted, however, that, "[a] fair reading of those provisions leads to the inevitable conclusion that the Judge Advocate General has the power to designate the judges of the Courts of Military Review. That is how the statute has been interpreted since its passage." *U.S. v. Prive, supra*, at 571.

Such an interpretation of Article 66, while justified, is not the same as an express grant of authority which, according to Appellant, would override the Secretary's authority under 49 U.S.C. § 323(a). Since Article 66 does not specifically empower anyone to appoint appellate military judges, the Article is open to other interpretations in this regard. One such interpretation is that the Secretary of a Department, having been designated under the Uniform Code of Military Justice as the highest authority for his department's military justice system with responsibility for issuing appropriate implementing regulations and authority to designate additional convening authorities, among other things, necessarily has authority to appoint officers such as judges within that system. Certainly, under the circumstances, it would be reasonable to conclude that the Secretary has authority commensurate with the Judge Advocate General, absent express statutory language to the contrary.

Laying aside alternative interpretations, however, and accepting *arguendo* Appellant's contention that the Judge Advocate General has been specifically empowered by Congress in Article 66 to appoint appellate military judges, we are still unable to reach Appellant's conclusion that the Secretary is thus precluded from appointing such judges pursuant to his authority under 49 U.S.C. § 323(a). Appellant's ultimate point fails for the simple reason that his primary argument has met with success at the U.S. Court of Military Appeals.

Four out of five judges on that court have found in *U.S. v. Weiss, supra*, that the Appointments Clause of the Constitution is applicable to the military justice system. Accordingly, the purported grant of authority to the Judge Advocate General

to appoint appellate military judges is constitutionally invalid per *U.S. v. Weiss,* leaving the Secretary of Transportation with unfettered authority under 49 U.S.C. § 323(a) to appoint judges to the U.S. Coast Guard Court of Military Review as inferior officers of the Department of Transportation.

Whatever the ultimate resolution of this matter, it is not necessary for this Court to render a decision as to the validity of the Secretary's action because, as indicated at the outset, the prior decisions of *U.S. v. Weiss, supra,* and *U.S. v. Kovac, supra,* are dispositive with respect to Appellant's first assignment of error. Any questions concerning the efficacy of the Secretary's memorandum of 15 January 1993 will be left to higher authority.

## II.

### *Motion to Disqualify Judges*

■ As a separate matter, Appellant has moved to disqualify the judges of this panel from considering the issues in this case and asserts that all judges of this Court are disqualified because they were involved in the creation of the memorandum from the Secretary.

Appellant bases his assertion on a memorandum of 8 January 1993 from the Chief Judge to the Chief Counsel of the Coast Guard, conveying the Court's unanimous assessment of the potential effect of *U.S. v. Weiss, supra,* on the Court and on cases already decided that are not final. In light of that assessment, the memorandum indicated that all the judges on this Court believed it imperative that the Secretary, in his capacity as a cabinet level head of department, reappoint the judges so the Court would be constitutionally valid beyond any doubt. A draft memorandum for the Secretary's signature was forwarded as an enclosure and resulted in the signed appointment memorandum.

Citing *U.S. v. Erwin,* 46 C.M.R. 1265 (1973) and *U.S. v. Kincheloe,* 14 M.J. 40, 48 (C.M.A.1982), Appellant argues that anything which casts doubt on a judge's impartiality is a ground for disqualification. He goes on to assert that the impartiality of any judge involved in the creation of the memorandum signed by the Secretary is in question and that judge cannot later reasonably be expected to be impartial in ruling on its validity and effect. Our direct reply to this objection is that we are not ruling on the validity and effect of the Secretary's memorandum. As already indicated, we are leaving that matter to higher authority. In deciding this case, we are relying entirely upon the prior decisions of *U.S. v. Weiss, supra,* and *U.S. v. Kovac, supra,* to resolve the question of our appointment.

In responding to Appellant on the Motion to Disqualify, the Government asserts that a reading of the Court's memo shows that it was intended to foreclose any potential issue which might arise should the Court of Military Appeals not adopt the Coast Guard Court of Military Review's holding in *U.S. v. Kovac,* 36 M.J. 521 (C.G.C.M.R.1992) and that it is altogether proper that the Coast Guard Court of Military Review, in its supervisory capacity over the military justice system in the Coast Guard, express its concern to the Secretary over potential "worst case scenarios" in the event the Court of Military Appeals should not adopt its *Kovac* rationale. The Government notes that this Court has dealt with this same allegation numerous times and in each case has rejected this issue on the basis of its rationale in *Kovac* and that regardless of whether the Coast Guard Court of Military Review chooses to continue to rely on *Kovac* or rely on the Secretary's constitutional and statutory authority to appoint the judges of this Court, the Court's prior suggestions to the Secretary reflect no prejudice or unfairness toward the facts of Appellant's case, was well in advance of any filings in Appellant's case, had no factual connection to this case, and was not in anticipation of any filings in Appellant's case. In conclusion, the Government asserts that Appellant has failed to show how any prior actions taken by the Coast Guard Court of Military Review, which were completely unrelated to Appellant's case and related only to an independently existing legal issue, can reasonably

reflect an unfair or preconceived bias against Appellant. We agree.

As we noted at the beginning of this opinion, past decisions of this Court have consistently rejected arguments by appellants that the Appointments Clause of the Constitution has been violated and those decisions are controlling for this Court unless overturned by higher authority. Accordingly, impartiality with respect to deciding the Appointments Clause assignment is not an issue. As discussed in Part I, the efficacy of the Secretary's appointment has been left to higher authority.

We also note that when the "Appointments Clause" assignment of error was first raised many months ago challenging the standing of this Court to decide cases, the same kind of assertion could have been made with respect to this Court's impartiality. Since the assignment placed directly in issue the validity of our judicial appointments, it could have been argued that our impartiality in ruling on this matter might reasonably be questioned. Had a motion for disqualification been made on that basis, we would have rejected it then, as we are able to do now, by applying the Rule of Necessity. That was the rule applied by the U.S. Supreme Court in *U.S. v. Will*, 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980), when confronted with an issue affecting pay for the Justices and other Article III judges.

As explained by the Supreme Court, the Rule of Necessity requires judges to hear and decide cases within their jurisdiction even when they have a personal interest in the outcome, if the case cannot be heard otherwise. That principle applies here since the Appointments Clause issue directly affects every judge on this Court as well as every judge on all the other Courts of Military Review. Accordingly, we have no hesitation in denying on this basis also Appellant's motion to disqualify the judges assigned to this panel.

We have reviewed this record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

Judges BRIDGMAN and GRACE, concur.