**UNITED STATES**

v.

**Michael D. HILL, Seaman Apprentice,
U.S. Coast Guard.**

**CGCM 0079.
Docket No. 1026.**

U.S. Coast Guard Court of
Criminal Appeals.

18 July 1995.

Trial Counsel: LT Robert S. Schuda,
USCG.

Defense Counsel: LT Stephen J. Tan,
JAGC, USNR.

Assistant Defense Counsel: LT Mark F.
Tatelbaum, JAGC, USNR.

**726**

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LT John F. Koeppen, USCG.

Before BAUM, BRIDGMAN and WIESE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by a general court-martial composed of officer members. He pled guilty to two offenses, larceny of a box of condoms of a value of about $6.00 and wrongful appropriation of a pair of binoculars of a value of about $250, both in violation of Article 121, UCMJ, 10 U.S.C. § 921. Consistent with his guilty plea, he was convicted of the condom larceny. He was also convicted of larceny of the binoculars rather than wrongful appropriation, after evidence was presented upon his pleading not guilty to that larceny.

He pled not guilty to all the remaining alleged offenses and was acquitted by the members of the following: one specification of willfully and wrongfully damaging a privately owned automobile; one specification of larceny of a car stereo and five compact discs; one specification of larceny of a pair of jeans; one specification of wrongful receipt of stolen body armor, wet suit pants, and binoculars; and one specification of indecent acts.

The court convicted Appellant of the following violations of Article 121 and 134, UCMJ: one specification of larceny of military property of the United States, body armor of a value of about $350, wet suit pants of some value, and a pair of binoculars of some value; one specification of wrongful appropriation of a night vision device of a value of about $3,000, also military property of the United States; one specification of wrongful receipt of a stolen car stereo; and one specification of knowing possession of a pistol with an obliterated serial number, which had been transported in interstate commerce in violation of 18 U.S.C. § 922(k).

The court sentenced Appellant to a bad conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to pay grade E–1, which the conven-ing authority approved, as adjudged. Before this Court Appellant has assigned two errors, both of which will be discussed.

I

THAT APPELLANT WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL BECAUSE THE MEMBERS, THROUGH THEIR QUESTIONING OF WITNESSES, ABANDONED THEIR IMPARTIAL ROLE, AND BECAUSE THE MILITARY JUDGE DENIED A CHALLENGE FOR CAUSE OF THE SENIOR MEMBER WHO POSED SOME OF THE MOST INAPPROPRIATE QUESTIONS.

Appellant contends that he was denied a fair trial because the members, through the questions they posed for the judge to ask of witnesses, demonstrated a bias inconsistent with the impartiality required of them. Appellant expresses particular concern about the senior member who submitted the most questions and was challenged for cause after requesting that a defense witness be asked whether he was a member of a gang and whether he was bound by a code of honor. The judge refused to ask those questions and denied the challenge for cause, but Appellant says that refusing to ask the questions does not eliminate the member's bias. Appellant asserts that the challenge should have been granted because the Senior Member had demonstrated by that point in the trial that he was not acting impartially in spite of his initial *voir dire* answers indicating otherwise.

In response, the Government submits that Appellant had ample opportunity during trial to challenge the collective impartiality of the members and that his failure to do so constitutes waiver of that issue. Moreover, according to the Government, Appellant's one challenge at trial of the senior member was properly denied and the ruling should not be disturbed unless we find that the judge abused her discretion. We agree that abuse of discretion is the standard for assessing the judge's denial of the challenge for cause of the senior member. Applying that standard, we find that the judge did not abuse her discretion. The questions the

judge refused to ask, standing alone or in conjunction with all the others posed by the senior member, failed to reflect a bias which would have justified removal of that officer from the court. We also agree with the Government that any issue as to the collective impartiality of the court members has been waived by failure to raise it during trial, unless there is plain error.

 Plain error is a clear or obvious error that materially affects a substantial right. *United States v. Olano,* —— U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Toro,* 37 M.J. 313, 316–317 (CMA 1993). Appellant contends that the questioning by the members was such that their bias was clear, depriving him of his right to an impartial court and a fair trial. He cites *United States v. Lamela,* 7 M.J. 277 (CMA 1979) for the proposition that in certain circumstances the sheer number of questions may highlight bias and points to the extensive questioning in this case. By Appellant's count there were approximately 125 written forms submitted to the judge with multiple questions on many. We agree that there was an exceptionally large number of questions from the court members, but that alone does not necessarily reflect a lack of impartiality.

Rather than bias, the numerous questions could be viewed as indicating that the members were simply making a conscientious effort to thoroughly pursue all lines of inquiry opened by counsel, without regard to one side or the other. The words of the Court of Military Appeals in *Lamela, supra,* might very well apply to the court members here, "[t]hough their questioning was extended and particular, we believe any reasonable person reading the record would conclude that their minds were not closed against the accused...." *Id.* at 280. In this regard, a look at the findings and sentence sheds light on whether the minds of the members remained open or not and whether or not a substantial right was materially affected. Appellant was acquitted of five of the ten offenses to which he pled not guilty and he received a sentence that was only a fraction of the authorized punishment. We find that the questioning of witnesses by the court members did not constitute plain error.

Although not plain error, the actions of the members spotlight an area that can present potential problems for trial judges. Military Rule of Evidence 614 permits the calling of witnesses at the request of court members and the examination of all witnesses by court members, utilizing written questions submitted to the judge for possible objection. That Rule, however, does not say how far a judge should let the members go in posing questions that are facially unobjectionable. If the court members appear to be taking on the role of counsel through their expansive questioning, how does a judge rein them in without prejudicial results? The judge in this case was very liberal in this regard, allowing the members to continue their inquiries relatively unimpeded, even when they seemed to be asking witness after witness the same questions in areas of inquiry not pursued by counsel.

 Certainly, every judge should instruct the members at the outset concerning the subject of questioning witnesses and, in doing so, should advise that it is the basic responsibility of counsel, not the court, to develop the relevant evidence. The standard bench book instruction to this effect was given in this case. As the trial progressed, however, consideration might have been given to repeating such advice, with cautionary emphasis on the members' need to avoid taking on the role of advocate for either side. On this point, the authors of the *Military Rules of Evidence Manual* have words worth considering: "the court members must understand that the parties are entitled to present their cases in what they believe is the most effective way and to present them to a neutral factfinder. Thus, too much premature questioning by the court and the members may impair a party's opportunity to present evidence and the appearance of impartiality." Stephen A. Saltzburg, Lee D. Schinasi & David A. Schlueter, *Military Rules of Evidence Manual* at 710 (3d ed. 1991).

If reemphasizing the need for restraint by the members fails to reduce the court's inclination to question each witness, then a judge

may be justified in taking more stringent steps to prevent the members from assuming counsel functions. Otherwise, the entire proceeding may be placed in jeopardy when members are allowed to continue a course of independent evidence development. Of course, counsel can and should be expected to assist the judge by making their positions known on the subject and suggesting appropriate steps to be taken. In the instant case, after the preliminary standard instructions were given, nothing more was done to inhibit the flow of questions from the members and those questions continued unabated throughout the trial. However, neither counsel made objection to the sheer number of questions and Appellant did not raise an issue of the members having collectively departed from their neutral role as factfinders. Accordingly, there being no plain error, Appellant's failure to object to the extensive questioning by the members and its possible effect on their collective impartiality has resulted in waiver. The assignment of error is rejected.

## II

THAT THIS COURT LACKS JURISDICTION TO AFFIRM APPELLANT'S CASE BECAUSE OF THE SERVICE OF CIVILIAN JUDGES WHO HAVE NOT BEEN APPOINTED IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE OF THE CONSTITUTION.

■ In his briefing of this assigned error, Appellant acknowledges that the Secretary of Transportation, as a head of department under the terms of the Appointments Clause, signed a memorandum on January 15, 1993 appointing judges to this Court, including the two civilian judges. Appellant also acknowledges that Congress has authorized the Secretary of Transportation to appoint officers of the Department, 49 U.S.C. § 323(a), and that the Court of Military Appeals in *United States v. Carpenter*, 37 M.J. 291, 294 fn. 1 (C.M.A.1993), viewed the Secretary's memorandum as curing any problems with the Appointments Clause of the Constitution.

Nevertheless, Appellant contends that the Secretary's action is of no effect, arguing

that Article 66, UCMJ, 10 U.S.C. § 866, authorizes the Judge Advocate General, not the Secretary of Transportation, to appoint this Court's judges and that Article 66 takes precedence over 49 U.S.C. § 323(a). Furthermore, Appellant says that the comments in *Carpenter, supra,* are not conclusive on this matter since the issue was not briefed before that Court. He also characterizes any reference to the memorandum's efficacy in that case as dicta. Whatever the characterization, dicta or otherwise, the conclusion of the Court of Military Appeals on this question was correct.

In *United States v. Senior,* 36 M.J. 1016 (CGCMR 1993), we answered a similar challenge to the effectiveness of the Secretary's action. In response to the assertion that Article 66, UCMJ, does not expressly authorize the Secretary of Transportation to appoint appellate judges, we had this to say:

Since Article 66 does not specifically empower anyone to appoint appellate military judges, the Article is open to other interpretations in this regard. One such interpretation is that the Secretary of a Department, having been designated under the Uniform Code of Military Justice as the highest authority for his department's military justice system with responsibility for issuing appropriate implementing regulations and authority to designate additional convening authorities, among other things, necessarily has authority to appoint officers such as judges within that system.

Appellant seems to overlook what was said in *Senior, supra,* and continues to assert that Article 66, UCMJ directs appointment of appellate military judges by the Judge Advocate General, who, in the case of the Coast Guard, is the General Counsel for the Department of Transportation. To the contrary, Article 66, UCMJ, does not direct anyone to *appoint* judges of the Courts of Military Review, or Courts of Criminal Appeals, as the courts are now known. The U.S. Supreme Court made this fact abundantly clear in *Weiss v. United States,* —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994) when it said, "The sections of the UCMJ relating to military judges speak ex-

plicitly and exclusively in terms of 'detail' or 'assign'; nowhere in these sections is mention made of a separate appointment." *Id.* at ——, 114 S.Ct. at 758. With regard to 10 U.S.C. § 866—Article 66 UCMJ—the Court in *Weiss* noted, "that military appellate judges shall be 'assigned to a Court of Military Review.'" *Id.* at ——, 114 S.Ct. at 758. The only *appointment* dealt with in *Weiss* flowed not from Article 66, UCMJ, 10 U.S.C. § 866, but from 10 U.S.C. § 531, which authorizes the President to appoint commissioned officers.

With that Congressionally authorized appointment as the Constitutional underpinning, the Supreme Court left intact the Uniform Code of Military Justice system whereby the Judge Advocate General *assigns* such officers to a Court of Military Review. The clear conclusion from the decision in *Weiss, supra,* is that assignment by the Judge Advocate General does not constitute judicial appointment. Authority for appointing appellate military judges must come from a Congressional source other than Article 66, UCMJ. In *Weiss,* that authority was provided by 10 U.S.C. § 531 for appointment of commissioned officers of the Navy Depart-

ment. Here, 49 U.S.C. § 323 provides similar appointment authority for civilian officers of the Transportation Department who serve on this Court. The Secretary of Transportation, thus, had appropriate Congressional authority to make his appointments of January 15, 1993 and his action that date satisfied the requirements of the Constitution's Appointments Clause. Assignment of error II, which has been rejected many times before, is again rejected.

We have reviewed this record pursuant to Article 66, UCMJ, and have determined that the findings and sentence are correct in law and fact and should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

Senior Judge BRIDGMAN and Judge WIESE, concur.