BAUM, Chief Judge:
Appellant was tried by general court-martial, judge alone. After pleading guilty pursuant to a pre-trial agreement, he was convicted of one specification of kidnapping in violation of Article 134, UCMJ, 10 U.S.C. § 934. The judge sentenced Appellant to confinement for two years and reduction to pay grade E-2, which the convening authority approved, with all confinement in excess of nine months suspended for twelve months in accordance with the terms of the pre-trial agreement. Before this Court, Appellant has assigned two errors.
I
In his first assignment, Appellant asserts that the military judge erred by admitting, over defense objection, irrelevant evidence indicating uncharged misconduct during sentencing proceedings. We disagree. The record reflects that the judge determined the evidence to be relevant as to the accused’s state of mind, that she admits ted it for a limited purpose, and that she weighed the probative value against any prejudicial effect that it may have had and found it more probative than prejudicial. R. 50. The military judge did not abuse her discretion in ruling on this objection and we find no merit to the assigned error.
*839 II
In his second assignment, Appellant has challenged the composition of this Court in the following manner:
THIS COURT LACKS JURISDICTION TO AFFIRM APPELLANT’S CASE BECAUSE OF THE SERVICE OF CIVILIAN JUDGES WHO HAVE NOT BEEN APPOINTED IN ACCORDANCE WITH THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. RYDER V. UNITED STATES, 63 U.S.L.W. 4516 (U.S.1995). THE MEMORANDUM OF THE SECRETARY OF TRANSPORTATION ATTEMPTING TO REAPPOINT THOSE JUDGES IS INEFFECTIVE. SEE UNITED STATES V. EDMOND, 41 M.J. 419, PETITION FOR CERT. FILED, 63 U.S.L.W. 3861 (U.S. 25 May 1995) (NO. 94-1931); BUT SEE UNITED STATES V. CARPENTER, 37 M.J. 291, 294 N. 1 (C.M.A.1993), REV'D 63 U.S.L.W. 3889 (U.S.1995) (SUMMARY DISPOSITION).
With this assignment of error, Appellant asserts that Judge Bridgman and I, as civilian judges on this Court, have not been appointed in accordance with the Appointments Clause of the Constitution. Judge Bridgman retired on 31 July 1995, leaving the challenge to my appointment remaining, which, if successful, would reduce this panel below the required minimum number of three. Appellant’s summary assignment has been submitted without amplification. Although challenges to the appointment of civilian judges on this Court have been made and rejected numerous times, the cited petition for certiorari in United States v. Edmond, supra, provides an argument on this issue that we have not faced and answered before. Accordingly, it will be treated as argument advanced in this case also.
A
Background
By way of background, the U.S. Court of Military Appeals (now the U.S. Court of Appeals for the Armed Forces) held in United States v. Carpenter, supra, that my appointment as a civilian to this Court by the General Counsel for the Department of Transportation, acting in his capacity as the Judge Advocate General of the Coast Guard, failed to satisfy the Appointments Clause of the Constitution. Nevertheless, the Court went on to hold that my judicial acts were entitled to de facto validity. In so ruling, the Court noted the following:
Congress has authorized the Secretary of Transportation to “appoint ... officers and employees of the Department of Transportation,” of which the Coast Guard is a part (14 USC § 1), without Senate confirmation. 49 USC § 323. The Secretary of Transportation is the head of a “department” as that term is used in the Appointments Clause, since he is the head of one of the cabinet-level executive departments. See 5 USC § 101; Freytag v. C.I.R., [501] U.S. [868] at [886-87], 111 S.Ct. [2631] at 2643, 115 L.Ed.2d [764] at 785 [(1991)]. Since Congress has expressly delegated the appointment of “officers” within the Department of Transportation to the Secretary of Transportation, the Appointments Clause would be satisfied if the Secretary of Transportation appointed the judges of the Coast Guard Court of Military Review.
37 M.J. at 294 (footnote omitted). By footnote, the Court indicated that during oral argument it was advised that the Secretary of Transportation had, in fact, appointed all members of the Court of Military Review on January 15, 1993, thereby fully complying with the Appointments Clause as of that date. Id. at n. 1. That appointment was made almost a year after our decision in United States v. Carpenter, 34 M.J. 681 (CGCMR 1992), however, so the Secretary’s action did not provide the basis for resolution of Carpenter by the Court of Military Appeals. The de facto officer concept, which was relied upon instead, was later rejected by the U.S. Supreme Court in Ryder v. U.S., — U.S.-, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995), without the issue of the Secretary’s appointment of judges being addressed.
Appellant has characterized the statements in United States v. Carpenter, supra, concerning the Secretary’s authority to appoint judges of this Court as dicta. In United *840 States v. Hill, 42 M.J. 725, 728 (C.G.Ct.Crim. App.1995), we said that, “dicta or otherwise, the conclusion of the Court of Military Appeals on this question was correct.” The reason that earlier conclusion was correct is quite simple. It is based on two factors: (1) a recognition that appellate military judges are “inferior officers” in terms of the U.S. Constitution, and (2) a well-founded decision that the Secretary of Transportation has both Constitutional and statutory authority to appoint such “inferior officers”.
B
Principal Officer/Inferior Officer Analysis
A determination as to whether Coast Guard Court of Criminal Appeals judges are “inferior officers” or “principal officers” is a critical first step in this analysis because a head of department may appoint “inferior officers”, if Congress vests such authority by law in that department head; whereas, “principal officers” must be appointed by the President, with the advice and consent of the Senate. U.S. Const., Art. II, § 2, cl. 2; Morrison v. Olson, 487 US. 654, 670, 108 S.Ct. 2597, 2608, 101 L.Ed.2d 569 (1988); Buckley v. Valeo, 424 U.S. 1, 132, 96 S.Ct. 612, 688, 46 L. Ed.2d 659 (1976).
1. “Mode of Appointment” Test
Judge Gierke, writing for the Court in United States v. Carpenter, supra, found the judges of our Court to be “inferior officers” because they were appointed by the Secretary of Transportation exercising the authority given to him by Congress in 49 USC § 323 to appoint officers and employees of the Department without Senate confirmation. Citing Buckley v. Valeo, supra, Judge Gierke said:
If Congress allows the President, the head of a department, or a court of law to appoint certain officers without Senate confirmation, then those officers are “inferior officers.”
United States v. Carpenter, 37 M.J. at 294. This determination conformed with an earlier conclusion expressed as follows by then Chief Judge Sullivan in United States v. Weiss, 36 M. J. 224, 240 (CMA 1992):
Military judges, both trial and appellate, are “inferior officers” of the United States and must be appointed to their offices by “the President alone” or by this Court or one of the other “Courts of Law”, or by the Secretary of Defense or one of the other “Heads of Departments.” Art. II, § 2, para. 2, cl. 2. See Freytag v. Commissioner of Internal Revenue, 501 U.S. [868], 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991).
Subsequently, when Weiss was decided by the Supreme Court, Justice Souter, in a concurring opinion, provided a detailed analysis of this issue, further justifying the conclusion already voiced by Chief Judge Sullivan and Judge Gierke. Justice Souter began his analysis with the premise that, “ordinary commissioned military officers, are ‘inferior officers’ within the meaning of the Appointments Clause.” Weiss v. U.S., 510 U.S. 163, -, 114 S.Ct. 752, 763, 127 L.Ed.2d 1 (Souter, J. concurring) (1994). It was only with the understanding that military judges are also “inferior officers” that he joined the Court’s opinion validating, as Constitutional, the assignment of commissioned officers to the position of military judge in a manner not comporting with the express terms of the Constitution’s Appointments Clause. While he believed the argument that military judges are “principal officers” is far from frivolous, he stated that, “if military judges were principal officers, the current scheme for appointing them would raise a serious Appointments Clause problem indeed, as the Solicitor General conceded at oral argument. See Tr. of Oral Arg. 30-31.” Id. 510 U.S. at -, 114 S.Ct. at 768. Ultimately, Justice Souter relied on the “mode of appointment” test when he said:
Since the chosen method for selecting military judges shows that neither Congress nor the President thought military judges were principal officers, and since in the presence of doubt deference to the political Branches’ judgment is appropriate, I conclude that military judges are inferior officers for purposes of the Appointments Clause.
510 U.S. at-, 114 S.Ct. at 769. Justice Souter took this approach to resolving the *841 “principal officer/inferior officer” question because he found it “hard to say with any certainty on which side of the line they [military judges] fall,” as opposed, for example, to the clearly inferior office of independent counsel in Morrison v. Olson, supra. Weiss v. U.S., 510 U.S. at-, 114 S.Ct. at 769.
2. Morrison v. Olson Functional Analysis Test
The “principal officer/inferior officer” issue was not fully briefed and argued in Weiss, as Justice Scalia pointed out in his separate opinion. 510 U.S. at-n. *, 114 S.Ct. at 770 n. * (Scalia, J. concurring in part and concurring in the judgment). Had it been, the functional analysis test from Morrison v. Olson, supra, which looked at tenure, duration, and duties, undoubtedly would have been fully developed. Application of that test to the office of appellate military judge, leads just as clearly to the conclusion that appellate military judges are “inferior officers.”
The Supreme Court in Morrison v. Olson, rejected a challenge to the law authorizing appointment of an independent counsel by a three-judge panel without Senate confirmation. In so doing, the Court found the independent counsel to be clearly an “inferior officer” upon consideration of factors such as tenure, duties and duration of office. As with the independent counsel in Morrison v. Olson, appellate military judges have no tenure and are subject to removal by a higher Executive Branch official, the Judge Advocate General. While the office of appellate military judge is not temporary, as was the case with the independent counsel, the judicial assignments of commissioned officers who serve on courts of criminal appeals are temporary in nature. For the most part, such judges serve no longer than four years and frequently for a lesser period, depending on assignment determinations by the Judge Advocate General. Moreover, under R.C.M. 109, the Judge Advocate General has the additional responsibility of professional supervision and discipline of appellate military-judges. Furthermore, subject to relevant service regulations, written periodic evaluations of judges, which affect promotion, retention, and future assignment may also be provided by the Judge Advocate General. United States v. Mitchell, 39 M.J. 131 (CMA 1994).
Standing alone, the power to remove was viewed by the Morrison Court, as indicating that the “independent counsel” was “to some degree ‘inferior’ in rank and authority” to the Attorney General. 487 U.S. at 671, 108 S.Ct. at 2609. In the military hierarchy, the superior rank of the Judge Advocate General is unquestioned. His power to remove, supervise, evaluate, and discipline appellate military judges establishes with certainty that such judges are inferior in both rank and authority to the Judge Advocate General.
Limited jurisdiction was another factor influencing the Morrison v. Olson decision. The jurisdiction of courts of criminal appeals is limited also, confined as it is to trials by court-martial. Within this narrow class of criminal cases, statutorily required review is further limited to those cases with approved sentences at a certain level of severity. There is authority to review less serious cases, but only at the discretion of the Judge Advocate General. Article 69(d), UCMJ, 10 U.S.C. § 869(d). Unlike most other appellate judges, court of criminal appeals judges do not have the authority to determine which records will be granted review.
While appellate military judges have full power and independent authority to exercise their review functions once a case is referred to the court, they play no part in the referral decision. When the Judge Advocate General determines to refer a case, the judges have no choice but to review the record and render a decision. In the same vein, the judges have no authority to issue rules of procedure for their courts. That power, too, rests with the Judge Advocates General under Article 66(f), UCMJ, 10 U.S.C. § 866(f), which directs that the “Judge Advocates General shall prescribe uniform rules of procedure for Courts of Criminal Appeals and shall meet periodically to formulate policies and procedure in regard to review of court-martial cases ... by Courts of Criminal Appeals.”
Thus, application of either the “Mode of Appointment” analysis or the “Functional” *842 analysis confirms the accuracy of Judge Gierke’s conclusion in United States v. Carpenter, supra, concerning the nature of the office, which the Supreme Court has noted without hint of disagreement, stating that Carpenter “decided that appellate military judges are inferior officers whose service requires appointment by a President, a court of law, or a head of a department.” Ryder v. U.S., — U.S. -, -, 115 S.Ct. 2031, 2034,132 L.Ed.2d 136 (1995).
C
Secretary of Transportation’s Authority To Appoint Appellate Military Judges
Left for consideration is Appellant’s contention that, whether or not appellate military judges are “principal” or “inferior” officers, the Secretary of Transportation still lacks the authority to appoint such judges. In the petition for certiorari in Edmond, supra, the argument was made that the Secretary of Transportation has no inherent authority to appoint appellate military judges and the statute relied upon to justify the appointments is inapplicable. Appellant is wrong on both counts. The first assertion ignores the statutory position of the Secretary as the highest military justice official for the Coast Guard with authority ranging from that of issuing appropriate military justice implementing regulations and designating convening authorities to commuting and suspending of sentences. 10 U.S.C. §§ 815(a), (c), & (g); 822(a)(8); 823(a)(7); 824(a)(4); 825(c)(2); 826(a); 827(a)(1); 828; 838(b)(7); 842(a); 845(b); 858(a); 858a; 860(c)(1) & (2); 864(b)(3); 865(b); 868; 871(b); 872(b); 874; 875(b) & (c); 876a. Appellant’s other contention that 49 USC § 323 is inapplicable apparently gives little weight to the dual capacity of Coast Guard judges as Officers of the Department of Transportation as well as Officers of the United States. It also overlooks the failure of the Uniform Code of Military Justice to specify who will appoint military judges and the Supreme Court’s method of dealing with this deficiency in Weiss v. U.S., supra.
Given the Secretary’s pre-eminent role with respect to military justice matters, the power to appoint judges naturally falls within the reach of his authority and is consonant with all the Secretary’s other military justice responsibilities. Furthermore, the failure of the Uniform Code of Military Justice to specify anyone else as having that authority impels the conclusion that the Secretary of Transportation, as the Coast Guard’s highest military justice official, has the inherent power to fill this vacuum. Lest there be any doubt with respect to the Secretary’s authority in this regard, one need look no farther than 49 U.S.C. § 323(a) for Congressional validation of this power.
As already stated, that statutory provision enables the Secretary to appoint officers of the Department of Transportation. Coast Guard Court of Criminal Appeals Judges are Officers of the United States, per Ryder v. United States, supra. Within that broad category, Coast Guard judges are also officers of the Department of Transportation of which the Coast Guard is a part. Thus, the appointment authority under 49 U.S.C. § 323(a) necessarily includes the judges of this Court. Appellant, however, contends in the Edmond petition that such broad authority to appoint officers of the department fails, for lack of specificity, to apply to appellate military judges. This argument disregards the Supreme Court’s treatment of military judicial appointments in Weiss v. U.S., supra.
In Weiss, the Court made it clear that, without specific authority for appointing military judges appearing in the Uniform Code of Military Justice, necessary authority could be found in other legislation that was general in nature and unrelated to military judicial appointments. The Court found such authority in 10 U.S.C. § 531, a provision dealing with appointment of commissioned officers, not judges. That decision dispenses with any need for a statute specifically authorizing the Secretary of Transportation to appoint appellate military judges. Accordingly, 49 U.S.C. § 323(a) satisfies the Appointments Clause requirement that Congress by law vest the appointment of such judges, as inferior officers, in the Head of Department. This interpretation is further reinforced by the military justice role Congress has by law vested in the Secretary.
*843 The appointment and assignment process approved in Weiss envisions a pool of potential military judges composed of constitutionally appointed Officers of the United States from which a Judge Advocate General can assign those with the requisite qualifications to duty as appellate military judges on a Court of Criminal Appeals. In Weiss that pool was composed entirely of active duty commissioned officers, constitutionally appointed pursuant to 10 U.S.C. § 531. Traditionally, the potential pool of judges in the Coast Guard has been composed of both commissioned officers and civilians, as permitted by Article 66, UCMJ. Coast Guard commissioned officers are constitutionally appointed under 14 U.S.C. §§ 211 and 212 rather than the provision relied upon in Weiss v. U.S., supra. The civilian component joined that constitutionally appointed pool on January 15,1993 when the Secretary of Transportation signed his memorandum appointing appellate military judges. In keeping with the arrangement ratified in Weiss, all the Coast Guard judges in this pool, military and civilian alike, continue to be assigned to the Court by the General Counsel in his capacity as Judge Advocate General of the Coast Guard. The most recent assignment was by memorandum of 9 August 1995, which is attached as Appendix A
In light of the foregoing, Appellant’s second assignment is rejected. Pursuant to Article 66, UCMJ, we have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.
Judges O’HARA and WIESE concur.
*844 APPENDIX A
[[Image here]]